UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HARRY BURDICK                |
                             |
vs.                          |   C.A. No.   04-283-L
                             |   CR No.    00-141-L-02
UNITED STATES OF AMERICA     |

**MEMORANDUM AND ORDER**
**RE: MOTION TO RE-OPEN**

Harry J. Burdick ("Burdick") has filed a motion to re-open the judgment denying his previous motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion") in the above matter.[1] The sole purpose of the motion to re-open is so that he may seek appellate review of this Court's denial of his §2255 motion to vacate

Burdick's filed his §2255 Motion on July 12, 2004; this Court denied it on October 29, 2004 -- more than five years prior to the filing of the instant motion to re-open. See CA No. 04-283-L, Order (Doc. #6). He did not request a certificate of appealability (COA), 28 U.S.C. §2253, or otherwise seek appellate review of the Order denying his motion. For the reasons set forth below Burdick's motion to reopen will be denied.

---

[1] Burdick's motion is entitled "Motion to Reopen My 2255 [Motion] To Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody" (Doc. #305). Burdick's original motion to vacate was filed in a separate civil action, Harry Burdick v. United States, C.A. No. 04-283-L, but he has erroneously filed the instant motion to re-open in his criminal case, CR No. 00-141-L. The clerk is directed to re-docket the motion to re-open, the Government's opposition, and other relevant papers (Docs. #305-311) in the C.A. No. 04-283-L action, and this ruling shall be docketed in that case as well.

Burdick's Motion to Reopen seeks additional time in which to appeal from the denial of his §2255 Motion. Burdick claims that he did not know that he could appeal the Order denying his § 2255 Motion. He requests additional time to appeal based on his Fourteenth Amendment right to Due Process. Burdick does not identify what his ground for appeal is or even attempt to establish why that appeal would be successful.

Putting aside the unlikelihood that Burdick could have been unaware for five years of his right to appeal the denial of his §2255 Motion, his motion is barred by several procedural hurdles.

An appeal from the denial of a § 2255 Motion requires a COA. See, e.g., Munoz v. United States, 331 F.3d 151 (1st Cir. 2003). Burdick did not request any COA. However, the timing of appeals in §2255 matters is governed by Fed. R. App. P. 4(a). See United States v. London, 248 Fed.Appx. 889, 891 (10th Cir. 2007) (unpublished) (denying request for COA as untimely when filed beyond time allowed under FRAP 4).

A notice of appeal must ordinarily be filed within 60 days of the date that the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(B). The district court may extend the time to file an appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i). Any extension may not "exceed 30 days after the prescribed time or 10 days after the date when the order granting

the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). See Couture v. United States, 620 F.Supp.2d 155, 157-58 (D.Mass. 2009) Here, Burdick failed to timely file any notice of appeal within 60 days from the denial of his § 2255 Motion under Rule 4(a)(1)(B), nor did he timely request additional time to do so under Rule 4(a)(5).

Although a district court may re-open the time to file an appeal for up to 14 days under Rule 4(a)(6), Burdick likewise failed to timely request that action. Pursuant to Rule 4(a)(6)(B), a motion to re-set the time for appeal must be filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry [of judgment or ruling], whichever is earlier." (Emphasis added.) See 28 U.S.C. §2107(c)(same). Here, Burdick's §2255 Motion was denied on October 29, 2004, but his motion to re-open was not filed until November 6, 2009, well past 7-day deadline and even after the 180-day deadline. See United States v. Guerrero, 302 Fed.Appx. 769 at *2 (10th Cir. 2008) (upholding district court's denial of request for leave to appeal denial of his §2255 motion, where request was filed more than 180 days after §2255 ruling ).

The time requirements under Rule 4(a) are jurisdictional. See Bowles v. Russell, 551 U.S. 205, 209-210 (2007). See also Couture, 620 F.Supp.2d at 158 (D.Mass. 2009) (Rule 4(a)(6) deadlines are strictly enforced despite any unfairness). Thus, Burdick has no

recourse at this juncture to appeal the denial of his § 2255 claim, and this Court cannot grant him the relief he seeks. It follows that Burdick's motion to reopen must be denied.

CONCLUSION

For the foregoing reasons, Burdick's Motion to Re-open this Court's October 29, 2004 Order denying his § 2255 Motion is hereby DENIED.


SO ORDERED:

*Ronald R. Lagueux*
Ronald R. Lagueux
Senior United States District Judge

September 22, 2011